UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BRIGITTE STELZER,

                      Plaintiff,

- against -

RICH MEDIA GROUP, LLC

                      Defendant.

Docket No. 3:19-cv-547

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Brigitte Stelzer ("Stelzer" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Rich Media Group, LLC ("Rich Media" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs of Godwin Boateng, owned and registered by Stelzer, a professional photographer. Accordingly, Stelzer seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Wisconsin and is registered with the Wisconsin Department of State Division of Corporations.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Stelzer is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 22-39 74th Street, East Elmhurst, New York 11370.

6. Upon information and belief, Rich Media is a domestic limited liability company organized and existing under the laws of the State of Wisconsin, with a place of business at 6000 Monona Drive, Suite 202, Monona, WI 53716. Upon information and belief, Rich Media in registered with the Wisconsin State Department of Corporations to do business in Wisconsin. At all times material hereto, Rich Media has owned and operated a website at the URL: www.IEN.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

7. Stelzer photographed Godwin Boateng (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Stelzer then licensed the Photographs to New York Post. On March 25, 2018, the New York Post ran an article that featured the Photographs titled *My $70K BMW cut off my thumb*. See URL: https://nypost.com/2018/03/25/my-70k-bmw-cut-off-my-thumb/. Stelzer's name was featured in a gutter credit identifying her as the photographer of the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

9.     Stelzer is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.    The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-125-094.

**B.     Defendant's Infringing Activities**

11.    On March 28, 2018, Rich Media ran an article on the Website entitled *Man Sues BMW After Losing Thumb in Self-Closing Door.* See: https://www.ien.com/product-development/video/20998554/man-sues-bmw-after-losing-thumb-in-selfclosing-door. The article featured the Photographs in a Video. Screenshot of the Photographs on the Website are attached hereto as Exhibit C.

12.    Rich Media did not license the Photographs from Plaintiff for its article, nor did Rich Media have Plaintiff's permission or consent to publish the Photographs on its Website.

<u>**FIRST CLAIM FOR RELIEF**</u><br><u>**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**</u><br>**(17 U.S.C. §§ 106, 501)**

13.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.    Rich Media infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Rich Media is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Rich Media have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photographs from New York Post which contained a gutter credit underneath the Photographs stating, "Brigitte Stelzer" and placed it on its Website without the gutter credit.

22. Upon information and belief, Rich Media intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

23. The conduct of Rich Media violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Rich Media' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Rich Media intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Rich Media also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

26. As a result of the wrongful conduct of Rich Media as alleged herein, Plaintiff is entitled to recover from Rich Media the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Rich Media because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Rich Media statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Rich Media be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Rich Media be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York

July 7, 2019

                                                LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
     Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Brigitte Stelzer*